IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN L. WOODEN, | ) | CASE NO. 5:18 CV 0937 |
| | ) | |
| Petitioner, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| WARDEN DAVID MARQUIS, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

## Introduction

Before me by referral[1] is the *pro se* petition of John L. Wooden for a writ of habeas

corpus under 28 U.S.C. § 2254.[2]  In 2002, Wooden was convicted by a Summit County

jury of multiple charges related to the kidnapping and rape of 13-year-old girl.[3]  He was

then sentenced to an aggregate term of 29 years in prison, with a five year period of post-

release control.[4]  Following a hearing, in 2010 the Summit County Common Pleas court

vacated the 2002 sentence, but then re-imposed it with clarification to Wooden of the terms

of post-release control.[5]  He is currently incarcerated for the 2002 conviction at the

Richland Correctional Institution in Mansfield, Ohio.[6]

---

[1] ECF No. 7.

[2] ECF No. 1.

[3] ECF No. 11 at 5-7 (citing record); *see also* ECF No. 11, Attachment 1 at 211-12
(sentencing entry).

[4] *Id.*

[5] ECF No. 11 at 11 (citing record).

[6] *Id*. at 2.

The State has moved to dismiss Wooden's petition as time-barred.[7]  Wooden has not responded to the State's motion.

For the reasons that follow, I recommend that the State's motion be granted and that the petition be dismissed with prejudice as time-barred.

## Facts

Although the record here is fairly substantial and involved, the facts necessary to resolve the present motion are few.

Wooden was convicted in 2002 and then sentenced.  Following his 2010 re-sentencing to the same aggregate term, Wooden appealed.  In 2011, the Ohio appeals court held that the trial court should not have held a *de novo* hearing on re-sentencing, but nevertheless affirmed the sentence.[8]  Wooden did not appeal that judgment to the Supreme Court of Ohio.[9]

Over four years later, in November 2015, Wooden, *pro se*, moved the trial court to vacate his sentence, arguing that the journal entry failed to give reasons for the consecutive sentence and that the trial court had failed to merge the convictions for kidnapping and rape as allied offenses.[10]  The trial judge denied the motion on the grounds of *res judicata*.[11]  Wooden appealed that decision to the Ohio court of appeals, which affirmed the trial court,

---

[7] *Id.* at 1.

[8] *Id.* at 11-12 (citing record).

[9] *Id.* at 12; *see* ECF No. 11, Attachment 1 at 254-55 (the appellate court's limited holding was that the trial court did not have the authority to conduct a full *de novo* re-sentencing hearing; rather, the court was limited to the "proper imposition" of the post-release control that it had already ordered).

[10] ECF No. 11 at 12 (citing record).

[11] *Id.* (citing record).

and then to the Supreme Court of Ohio, which declined jurisdiction on April 19, 2017.[12]

On April 18, 2018, Wooden filed the present petition.[13]

## Analysis

### A.     Standard of review – timeliness

Under 28 U.S.C. § 2244(d)(1), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),[14] a person in custody under a judgment of a state court must file an application for a writ of habeas corpus within one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.[15]

Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the pendency of a "properly filed" application for state post-conviction relief or other collateral review.

---

[12] *Id.* at 13 (citing record).

[13] *Id.* (citing record).  The State notes that the April 18 date is when Wooden signed the petition and placed it into the prison mail system, making it the date of filing under the prison "mail box rule."  *Houston v. Lack*, 487 U.S. 266, 270 (1988).

[14] Pub. L. No. 104-132, 110 Stat. 1214.

[15] 28 U.S.C. § 2244(d)(1).

A state application for post-conviction relief is "properly filed" within the meaning of §

2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws

and rules governing filings," such as those prescribing the time limits for filing.[16]  State

post-conviction or collateral review applications rejected by the state courts on timeliness

grounds are not "properly filed" and, therefore, are not subject to statutory tolling under §

2244(d)(2).[17]

"The tolling provision does not, however, 'revive' the limitations period (*i.e.*, restart

the clock at zero); it can only serve to pause a clock that has not yet fully run."[18]  Once the

limitations period is expired, state collateral review proceedings can no longer serve to

avoid the statute of limitations bar.[19]

Moreover, the AEDPA's statute of limitations is subject to equitable tolling,[20]

"when a litigant's failure to meet a legally-mandated deadline unavoidably arose from

circumstances beyond the litigant's control."[21]  Equitable tolling is granted "sparingly."[22]

A habeas petitioner is entitled to equitable tolling only if he establishes that (1) "he has

been pursuing his rights diligently;" and (2) "some extraordinary circumstance stood in his

---

[16] *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).

[17] *See Allen v. Siebert*, 552 U.S. 3, 5-6 (2007) (per curiam); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 413-14 (2005); *Vroman v. Brigano*, 346 F.3d 598, 603 (6th Cir. 2003).

[18] *Vroman*, 346 F.3d at 602 (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)).

[19] *Id.*

[20] *See Holland v. Florida*, 560 U.S. 631, 646 (2010).

[21] *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)), *cert. denied*, 133 S. Ct. 187 (2012).

[22] *Id.* (quoting *Robertson*, 624 F.3d at 784).

way and prevented timely filing."[23]  Although the Sixth Circuit previously used a five-factor approach in determining whether a habeas petitioner is entitled to equitable tolling, *Holland v. Florida*'s two-part test has replaced the five-factor inquiry as the "governing framework" to apply.[24]

## B.    Application of standard

Here, the one-year limitations period for bring a federal habeas challenge to Wooden's 2002 conviction and sentence for rape and kidnapping began to run on May 31, 2003, or 45 days from when the state appellate court affirmed the judgment of the trial court.[25]  One hundred sixty eight days passed until Wooden filed a motion for a delayed appeal with the Supreme Court of Ohio.[26]  The federal time period was then tolled until the Supreme Court of Ohio denied Wooden's motion on December 24, 2003.[27]  The period then expired on July 8, 2004.[28]

Wooden's re-sentencing in 2010 is the only event that could conceivably provide Wooden with a new one-year clock.  The 2010 re-sentencing came as a result of Wooden's collateral attack – the motion to impose a lawful sentence – and not as a result of a remand

---

[23] *Id.* (quoting *Holland*, 560 U.S. at 649 (internal quotations omitted)); *see also Pace*, 544 U.S. at 418.

[24] *Hall*, 662 F.3d at 750 (citing *Robinson v. Easterling*, 424 F. App'x 439, 442 n.1 (6th Cir. 2011), *cert. denied*, 132 S. Ct. 456 (2011)).

[25] ECF No. 11 at 17 (citing record).

[26] *Id.* (citing record).

[27] *Id.* (citing record).

[28] *Id.*

after direct appeal.[29]  In the motion, Wooden argued that the original sentence did not

"contain proper notification of post-release control."[30]  As Wooden himself stated, at the

2010 re-sentencing the trial court did not impose post-release control as a new element of

his sentence, but rather "re-imposed the original term of imprisonment and corrected the

post-release control notification."[31]

As such, because post-release control was not added as an additional, or new,

element of the sentence in 2010, Wooden was not dealing with "'[a] new, worse-than-

before sentence . . . amount[ing] to a new judgment' resetting the statute of limitations

clock."[32]  Rather, the 2010 re-sentencing was "a new sentence leaving the underlying initial

judgment undisturbed," and so "not a new judgment" resetting the one-year limitations

period.[33]

Thus, the 2010 re-sentencing did not have the effect of restarting the federal habeas

one-year limitations period.  That period, as noted above, expired in 2004.  Moreover,

Wooden's 2015 motion to vacate that 2010 re-sentencing, and the subsequent appeals, also

---

[29] *Id*. at 19 (citing record).

[30] ECF No. 11, Attachment at 250.

[31] *Id*. at 258.

[32] *Spann v. Eppinger*, No. 1:15CV2424, 2018 WL 6721274, at *4 (N.D. Ohio Dec. 21, 2018) (quoting *Crangle v. Kelly*, 838 F.3d 673, 679 (6th Cir. 2016)).

[33] *Spann*, 2018 WL 6721274, at *4 (citing *Crangle,* 838 F.3d at 678).  *Spann* itself dealt with the analogous situation of a *nunc pro tunc* re-sentencing order that "did not restart the statute of limitations period because it only served to correct a clerical error" in the initial sentencing order that had not detailed the consequences of violating the post-release control.  *Spann*, 2018 WL 6721274, at *5

could not restart the already lapsed one-year limitations period.[34]

## Conclusion

For the reasons stated, the *pro se* petition of John Wooden for a writ of habeas

corpus under 28 U.S.C. § 2254 should be dismissed.

IT IS SO RECOMMENDED.

Dated: February 28, 2019     s/ William H. Baughman, Jr.
              United States Magistrate Judge

---

[34] *Eaton v. Curtin*, No. 08-CV-13461, 2009 WL 3756680, at *2 (E.D. Mich. Nov. 9, 2009) (citing 28 U.S.C. § 2244(d)).

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of

Courts within fourteen (14) days of receipt of this notice.  Failure to file objections within

the specified time waives the right to appeal the District Court's order.[35]

---

[35] *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474
U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).