# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **John L. Wooden,** | **Case No. 5:18cv937** |
| **Petitioner,** | |
| **-vs-** | **JUDGE PAMELA A. BARKER** |
| | **Magistrate Judge William Baughman** |
| **Warden David Marquis,** | |
| **Respondent** | **MEMORANDUM OPINION AND ORDER** |

This matter is before the Court upon the Report & Recommendation ("R&R") of Magistrate Judge William Baughman, Jr. (Doc. No. 12), which recommends granting the Respondent's Motion to Dismiss Petitioner John L. Wooden's Petition for Writ of Habeas Corpus (Doc. No. 11) and dismissing the Petition as time-barred. Petitioner has filed Objections to the R&R. (Doc. No. 13.)

For the following reasons, the Court finds Petitioner's Objections to be well-taken in part. The Court, therefore, declines to accept the reasoning set forth in the R&R. However, the Court concludes that the Petition is nonetheless time-barred for the reasons set forth below. Respondent's Motion to Dismiss (Doc. No. 11) is, therefore, GRANTED and the Petition is DISMISSED.

## I.     Procedural History

### A.     State Court Proceedings

On May 1, 2002, a Summit County jury found Wooden guilty of two counts of rape in violation of Ohio Rev. Code § 2907.02(A)(2); two counts of kidnapping in violation of Ohio Rev. Code § 2905.01(A)(4); two counts of gross sexual imposition in violation of Ohio Rev. Code §

2907.05(A)(1); and one count of attempted rape in violation of Ohio Rev. Code §§ 2923.02 and 2907.02(A)(2).[1]  (Doc. No. 11-1, Exh. 10.)

The state trial court conducted a sentencing hearing on May 13, 2002, at which time Wooden was sentenced to an aggregate term of imprisonment of twenty-nine (29) years.  (*Id*.)  In addition, the state trial court ordered as followed: "After release from prison, Defendant is ordered subject to post-release control to the extent the parole board may determine as provided by law."  (*Id*.)

On June 11, 2002, through counsel, Wooden filed a notice of appeal to the Court of Appeals for the Ninth District of Ohio (hereinafter "state appellate court").  (Doc. No. 11-1, Exh. 12.)  In his merit brief, Wooden raised the following seven grounds for relief:

I.      The conviction of the appellant for the charges of Kidnapping (2 cts), Gross Sexual Imposition (2 cts), Rape (2 cts), and Attempted Rape (1 ct) in this case are against the manifest weight of the evidence and should be reversed.

II.     The Trial Court incorrectly denied appellant's motion for acquittal in violation of Criminal Rule 29; specifically, there was not sufficient evidence to prove the offenses of Kidnapping, Rape, Gross Sexual Imposition and Attempted Rape beyond a reasonable doubt and submit them to a jury.

III.    The Trial Court erred to the prejudice of appellant and in violation of Criminal Rule 29(A), Article I, Section 10 of the Ohio Constitution and the Fourteenth Amendment to the Constitution of the United States, when it denied appellant's motion for acquittal.

IV.     The Trial Court erred to the prejudice of the Appellant when it denied his motion to allow the jury to consider the lesser included offense of corruption of a minor.

V.      The Trial Court erred to the prejudice of the appellant by overruling his objections to the testimony of Detective Irvine which alleged that he was "stalking girls in his neighborhood."

---

[1] The charges against Wooden arose out of two incidents relating to J.H., who was 13 years old at the time. *See State v. Wooden*, No.21138, 2003 WL 1877631 at * 2-5 (Ohio App. 9th Dist. April 16, 2003).

VI.     The Trial Court erred to the prejudice of the appellant in denying his motion for a mistrial.

VII.    The Trial Court erred in sentencing the appellant to consecutive terms of incarceration and improperly followed the procedure in imposing the sentence pursuant to the felony sentencing guidelines set forth in R.C. Chapter 2929.

(Doc. No. 11-1, Exh. 13.)  The State filed a brief in opposition.  (Doc. No. 11-1, Exh. 14.)

On April 16, 2003, the state appellate court affirmed the trial court's judgment of conviction and sentence.  (Doc. No. 11-1, Exh. 15.)  *See State v. Wooden*, No. 21138, 2003 WL 1877631 (Ohio App. 9th Dist. April 16, 2003).

Wooden did not timely appeal the state appellate court's decision.  Rather, on November 24, 2003, Wooden filed a notice of appeal and motion for leave to file a delayed appeal in the Supreme Court of Ohio.  (Doc. No. 11-1, Exh. 16.)  On December 24, 2003, the Supreme Court of Ohio denied Wooden's motion for leave to file a delayed appeal and dismissed the case.[2]  (Doc. No. 11-1, Exh. 17.)

**B.      First Federal Habeas Petition**

On April 9, 2004, proceeding *pro se*, Wooden filed his first Petition for Writ of Habeas Corpus in this Court pursuant to 28 U.S.C. § 2254.  (Doc. No. 11-1, Exh. 22.)  Therein, Wooden raised the following five grounds for relief:

I.      Conviction was obtained by the weight of the evidence not supporting the conviction obtained, violating due process.

II.     The conviction was obtained with error from the trial court not awarding petitioner a Rule 29 dismissal.

---

[2] Meanwhile, on July 16, 2003, Wooden filed an Application to Reopen his Appeal pursuant to Ohio App. R. 26(B), in which he raised clams of ineffective assistance of appellate counsel.  (Doc. No. 11-1, Exh. 18.)  On August 7, 2003, the state appellate court denied Wooden's Application as untimely.  (Doc. No. 11-1, Exh. 19.)  Wooden then filed a Motion for Reconsideration, which was denied on September 3, 2003.  (Doc. No. 11-1, Exhs. 20, 21.)  Wooden did not appeal to the Supreme Court of Ohio.

III.    The conviction was obtained and the trial court erred without allowing the jury to consider lesser included offense.

IV.    The conviction was obtained violating due process when the trial court failed to grant motion for mis-trial.

V.    The trial court erred when sentencing petitioner to consecutive sentences in violation to the Revised Code.

(Doc. No. 11-1, Exh. 22.)  *See also Wooden v. Bradshaw*, Case No. 1:04cv676 (N.D. Ohio) (Doc. No. 1.)

On March 24, 2006, Magistrate Judge Baughman issued a Report & Recommendation that all of Wooden's grounds were procedurally defaulted and the Petition should be denied.  (Doc. No. 11-1, Exh. 23.)  Wooden failed to file objections and, on April 17, 2006, District Judge Lesley Wells adopted the R&R and dismissed the Petition.  (Doc. No. 11-1, Exh. 24.)

**C.    Resentencing and Subsequent State Court Proceedings**

Shortly thereafter, Wooden filed a *pro se* motion to resentence and memorandum in support in the state trial court, in which he challenged the imposition of consecutive sentences.  (Doc. No. 11-1, Exhs. 25, 26.)  The state trial court denied the motion as untimely under Ohio Rev. Code § 2953.23(A)(1).  (Doc. No. 11-1, Exh. 28.)  Wooden did not appeal this ruling to the state appellate court.

Several years later, on June 18, 2010, Wooden filed a *pro se* "Motion to Impose Lawful Sentence" in the state trial court.  (Doc. No. 11-1, Exh. 29.)  Therein, Wooden argued that he was not properly notified of the fact that he was subject to a mandatory five year period of post-release control.  (*Id.*)  Wooden also filed a pleading captioned "Motion to Dismiss Indictment for failure to charge an offense pursuant to Criminal Rule 12(C)(2)."  (Doc. No. 11-1, Exh. 30.)

On September 15, 2010, the trial court conducted a *de novo* resentencing hearing. At that time, the trial court vacated the prior sentence imposed on May 13, 2002 and then reimposed the same 29 year aggregate prison term. (Doc. No. 11-1, Exh. 32.) The trial court also notified Wooden regarding post-release control, as follows:

> IT IS FURTHER ORDERED that as part of the sentence in this case, the Defendant **shall** be supervised on post-release control by the Adult Parole Authority for a **mandatory** period of **5 years** on Counts 1, 3, 5, 6, and 7 after being released from prison. If the Defendant violates the terms and conditions of post-release control, the Adult Parole Authority may impose a residential sanction that may include a prison term of up to nine months, and the maximum cumulative prison term for all violations shall not exceed one-half of the stated prison term. If the Defendant pleads guilty to, or is convicted of, a new felony offense while on post-release control, the sentencing court may impose a prison term for the new felony offense as well as an additional consecutive prison term for the post-release control violation of twelve months or whatever time remains on the Defendant's post-release control period, whichever is greater.

(Doc. No. 11-1, Exh. 32) (emphasis in original).

On September 29, 2010, Wooden filed a notice of appeal to the state appellate court. (Doc. No. 11-1, Exh. 34.) In his merit brief, Wooden raised the following two grounds for relief:

> I.  Appellant's convictions for kidnapping are unconstitutional as the indictment charging appellant failed to specify the *mens rea* attached to the crimes, in violation of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Sections 10 and 16 of the Ohio Constitution.

> II. Appellant was deprived of his due process and his speedy trial rights when he was not given a valid sentence until over eight years after he was found guilty, in violation of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

(Doc. No. 11-1, Exh. 35.) In his second ground for relief, Wooden argued the trial court was without jurisdiction to resentence him in light of the delay between the time he was originally convicted and the time of his resentencing hearing. (*Id.*) The State filed a brief in opposition. (Doc. No. 11-1, Exh. 36.)

The state appellate court issued its decision on September 28, 2011. (Doc. No. 11-1, Exh. 37.) The court overruled Wooden's first assignment of error. (*Id.*) With regard to his second assignment of error, the state appellate court held as follows:

> This is not a case where the trial court refused to impose a sentence upon an offender. Rather, Wooden was sentenced promptly after he was found guilty in 2002. On June 18, 2010, Wooden filed a motion informing the trial court that he had not been properly notified of post-release control. On June 28, 2010, the trial court ordered that Wooden be returned to the courthouse for re-sentencing. The re-sentencing hearing was held on September 15, 2010. **In accordance with [*State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238], the scope of the new sentencing hearing to which Wooden was entitled was limited to the proper imposition of post-release control. *Fischer*, at paragraph two of the syllabus. It follows that the trial court had authority to impose the proper term of post-release control on Wooden at the re-sentencing hearing.** As the lawful portion of Wooden's original sentence remained in place pursuant to *Fischer*, the trial court did not have authority to conduct a *de novo* sentencing hearing and reissue a sentence. Furthermore, as the lawful elements of Wooden's original sentence remained in place, he cannot prevail on his argument that there was unreasonable delay in imposing a sentence. **To the extent the trial court properly imposed a mandatory five-year period of post-release control upon Wooden at the resentencing hearing, its judgment is affirmed. To the extent the trial court conducted a *de novo* sentencing hearing and reissued a sentence to Wooden, its judgment in that respect is void.**

(*Id.* at PageID# 322-323) (emphasis added). Wooden failed to appeal the state appellate court's ruling to the Supreme Court of Ohio.

Over four years later, on November 4, 2015, Wooden filed a *pro se* "Motion to Vacate Judgment of Sentence as Void." (Doc. No. 11-1, Exh. 38.) The State filed a brief in opposition. (Doc. No. 11-1, Exh. 39.) On January 19, 2016, the state trial court denied the motion on the basis of *res judicata*. (Doc. No. 11-1, Exh. 40.)

Wooden timely appealed to the state appellate court on February 4, 2016, raising the following sole assignment of error: "The trial court erred to the prejudice of the appellant by ruling his claims

were barred by the application of *res-judicata*." (Doc. No. 11-1, Exhs. 41, 42.) On October 26, 2016, the state appellate court affirmed the trial court's judgment. (Doc. No. 11-1, Exh. 45.)

On December 6, 2016, Wooden filed an appeal in the Supreme Court of Ohio. (Doc. No. 11-1, Exh. 46.) In his memorandum in support of jurisdiction, he set forth the following two propositions of law:

I.      The trial court erred in denying appellant's motion to vacate judgment of sentence based on the application of *res judicata*.

II.     When counsel failed to raise a double jeopardy claim at sentencing, leaving appellant with multiple convictions and sentences for allied offense.

(Doc. No. 11-1, Exh. 47.) On April 19, 2017, the Supreme Court of Ohio declined to accept jurisdiction pursuant to S.Ct. Prac. R. 7.08(B)(4). (Doc. No. 11-1, Exh. 48.)

### D.      Second Federal Habeas Petition

On April 18, 2018,[3] Wooden filed a *pro se* Petition for Writ of Habeas Corpus in this Court and asserted the following grounds for relief:

I.      The court barred defendant's claim on the doctrine of *res judicata*, when it is well established that a void sentence is not barred by the doctrine of *res judicata* and is subject too review at anytime. It was the court duty to merged allied offenses at sentencing, a duty that is not discretionary, but mandatory. The state is attempting to use the *res judicata* rule to defeat the ends of justice.

II.     Counsel failed to raise a Double Jeopardy Claim at sentencing, leaving appellant with multiple convictions and sentences for allied offenses. There is no doubt had counsel objected to the court sentencing defendant for both the crime of rape and kidnapping the outcome would have been different.

---

[3] Under the mailbox rule, the filing date for a *pro se* petition is the date that a petitioner delivers it to prison authorities. *See Houston v. Lack*, 487 U.S. 266 (1988). While the Petition herein did not arrive at the Court for filing until April 24, 2018, Wooden states that he placed it in the prison mailing system on April 18, 2018. (Doc. No. 1 at 10.) Thus, the Court will consider the Petition as filed on April 18, 2018.

(Doc. No. 1.)  On May 9, 2018, then-assigned Judge Boyko issued an Order transferring the Petition to the Sixth Circuit Court of Appeals for authorization to file a second or successive habeas application pursuant to 28 U.S.C. § 2244(b).  (Doc. No. 4.)

Wooden then filed a motion in the Sixth Circuit for authorization to file a second or successive habeas petition.  (Doc. No. 11-1, Exh. 49.)  On October 25, 2018, the Sixth Circuit denied the motion as unnecessary and transferred the Petition back to this Court for further proceedings.  (Doc. No. 6.)  The Sixth Circuit explained as follows:

> A jury found Wooden guilty of two counts of rape, two counts of kidnapping, two counts of gross sexual imposition, and one count of attempted rape, and the state court of appeals affirmed those convictions. *State v. Wooden*, No. 21138, 2003 WL 1877631, at *1 (Ohio Ct. App. Apr. 16, 2003), appeal denied, 800 N.E.2d 750 (Ohio 2003). He also unsuccessfully pursued a motion to reopen his appeal and an initial § 2254 petition. *See Wooden v. Bradshaw*, No. 1:04-cv-676, 2006 WL 1006009, at *3-5 (N.D. Ohio Apr. 17, 2006). Wooden later sought resentencing because his original sentencing judgment did not notify him that he was subject to post-release control, and the state court of appeals ultimately affirmed "[t]he trial court's decision to notify Wooden that he would be subject to a mandatory five-year period of postrelease control." *State v. Wooden*, No. 25607, 2011 WL 4469523, at *4 (Ohio Ct. App. Sept. 28, 2011).
>
> Wooden next moved for the trial court to vacate his sentence, but the trial court and the state court of appeals denied him relief. *State v. Wooden*, No. 28108, 2016 WL 6269346, at *1 (Ohio Ct. App. Oct. 26, 2016), perm. app. denied, 72 N.E.3d 658 (Ohio 2017). He then filed his second § 2254 petition, claiming that the trial court improperly relied on the doctrine of *res judicata* to dispose of his sentencing challenge and that counsel failed to raise a double jeopardy claim at sentencing. The district court transferred that petition to this court under *In re Sims*, 111 F.3d 45 (6th Cir. 1997). We docketed Wooden's petition as an application for authorization, and Wooden subsequently filed a corrected application. The State opposed his application, and Wooden responded that he did not need our authorization to proceed with his petition.
>
> **Wooden is correct. The state proceedings concerning his motion to impose a lawful sentence ended with the trial court notifying Wooden of his post-release control. <u>And we have already determined that proceedings of this kind produce a new judgment, as the State concedes</u>.** *See In re Stansell*, **828 F.3d 412, 416 (6th Cir. 2016). As a result, Wooden's petition is not subject to the rules governing**

**second or successive petitions and he does not need this court's permission to proceed with his petition.** *Id*. **at 416-17, 419.**

> Accordingly, we DENY Wooden's application as unnecessary and TRANSFER his petition to the district court for further proceedings.

(*Id*.) (emphasis added).

Thereafter, on January 22, 2019, Respondent filed a Motion to Dismiss Wooden's Petition as time-barred under the one-year statute of limitations set forth in 28 U.S.C. § 2244(d). (Doc. No. 11.) Wooden did not file a response.

On February 28, 2019, Magistrate Judge Baughman issued a R&R, which recommended granting Respondent's Motion to Dismiss and dismissing the Petition as time-barred. (Doc. No. 12.) Therein, the Magistrate Judge concluded the statute of limitations began to run on May 31, 2003 and expired on July 8, 2004. (*Id*. at 5.) Because the Petition was not filed until April 18, 2018, the Magistrate Judge concluded it was time-barred and should be dismissed.

Wooden filed Objections on March 15, 2019, in which he argued that his 2010 resentencing created a new judgment and, therefore, the Magistrate Judge miscalculated the statute of limitations and his Petition was not time-barred. (Doc. No. 13.) Respondent did not file a reply.

## II. Standard of Review

Parties must file any objections to a report & recommendation within fourteen days of service. Fed. R. Civ. P. 72(b)(2). Failure to object within this time waives a party's right to appeal the district court's judgment. *See Thomas v. Arn*, 474 U.S. 140, 145 (1985); *United States v. Walters*, 638 F.2d 947, 949-950 (6th Cir. 1981).

When a petitioner objects to the magistrate judge's Report and Recommendation, the district court reviews those objections *de novo*. Fed. R. Civ. P. 72(b)(3). A district judge:

must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

*Id*. "A party who files objections to a magistrate [judge]'s report in order to preserve the right to appeal must be mindful of the purpose of such objections: to provide the district court 'with the opportunity to consider the specific contentions of the parties and to correct any errors immediately.'" *Jones v. Moore*, No. 3:04CV7584, 2006 WL 903199, at * 7 (N.D. Ohio April 7, 2006) (citing *Walters*, 638 F.2d at 949–50).

The Court conducts a *de novo* review of the portions of the Magistrate Judge's Report to which Petitioner has properly objected.

## III.    Analysis

In the R&R, the Magistrate Judge calculated the one-year statute of limitations period based on Wooden's original conviction and sentencing. Specifically, the Magistrate Judge determined that the limitations period began to run on May 31, 2003, i.e., 45 days from the date the state appellate court affirmed the state trial court's original judgment of conviction and sentence. He found the limitations period ran uninterrupted for 168 days until Wooden filed a motion for delayed appeal with the Supreme Court of Ohio and was then tolled until that court denied Wooden's motion on December 24, 2003. The Magistrate Judge found the statute of limitations ran for another 197 days until it expired on July 8, 2004. (Doc. No. 12 at 5.)

Although not raised by Wooden, the Magistrate Judge expressly rejected the argument that Wooden's 2010 resentencing hearing re-started the one-year limitations period. (*Id*.at 5-6) The Magistrate Judge found that "because post release control was not added as an additional, or new, element of the sentence in 2010, Wooden was not dealing with '[a] new, worse-then-before sentence

. . . amount[ing] to a new judgment' resetting the statute of limitations clock." (*Id.* at 6.) In his Objection, Wooden objects to this conclusion, asserting that the 2010 resentencing created a "new judgment." (Doc. No. 13.) For the following reasons, the Court agrees with Wooden.

As discussed above, on October 25, 2018, the Sixth Circuit determined that the instant Petition was not a second or successive petition under 28 U.S.C. § 2244(b) because Wooden's 2010 resentencing constituted a "new judgment" pursuant to *In re Stansell*, 828 F.3d 412, 416 (6th Cir. 2016). In *Stansell*, the defendant pled guilty to multiple sex-related offenses in 1998 and was sentenced to twenty years to life in prison. The state appellate court affirmed Stansell's conviction and sentence, and his first federal habeas petition was denied in 2002. Many years later, in 2013, Stansell returned to state court, seeking to vacate that portion of his sentence that designated him a sexually violent predator. The trial court denied the motion, and the state appellate court affirmed. However, in doing so, the state appellate court found that the trial court had erred when, as part of Stansell's original sentencing in 1998, it failed to impose a term of post-release control. The state appellate court remanded for the limited purpose of properly advising and imposing upon Stansell the requisite period of post-release control. The trial court did so, notifying him that he was subject to five years of post-release control after his prison term.

Stansell then filed an application in the Sixth Circuit Court of Appeals, seeking authorization to file a second or successive federal habeas petition that raised the same claim that was raised in his first federal habeas petition. Relying on *Magwood v. Patterson*, 561 U.S. 320 (2010) and *King v. Morgan*, 807 F.3d 154 (6th Cir. 2015),[4] the Sixth Circuit found that Stansell's partial resentencing

---

[4] In *Magwood*, defendant was sentenced to death by an Alabama state court but a federal district court granted him a conditional writ of habeas corpus based on an error that occurred during his sentencing. *Magwood*, 561 U.S. at 324-326. The state court then held another sentencing proceeding and re-imposed the death penalty, which triggered a second

created a new judgment, which allowed him "to raise challenges to his (undisturbed) conviction, his (undisturbed) term of incarceration, and his (new) term of post-release control" without clearing the "second or successive" bar under §2244(b). *Id*. at 416. The court explained that, "[w]hen a court alters a sentence to include post-release control, it substantially and substantively changes the terms under which an individual is held 'in custody.' 28 U.S.C. § 2254(a), (b)(1). That means it has created a new judgment for purposes of the second or successive assessment." *Id*. at 418. The court therefore denied "Stansell's motion to file a second or successive habeas petition as unnecessary" and transferred his petition to the district court. *Id.* at 420.

Here, the Sixth Circuit cited *Stansell* for its conclusion that Wooden's 2010 resentencing constituted a "new judgment." This is significant with respect to the statute of limitations issue presented in Respondent's Motion to Dismiss, given the Sixth Circuit's subsequent decision in *Crangle v. Kelly*, 838 F.3d 673 (6th Cir. 2016). In *Crangle*, the Sixth Circuit extended the reasoning set forth in *Magwood*, *King*, and *Stansell, supra* to find that, under certain circumstances, a resentencing can constitute a "new judgment" that restarts the running of federal habeas statute of limitations. Specifically, the Sixth Circuit held that a state trial court's *nunc pro tunc* sentencing entry imposing mandatory post-release sanctions in addition to previously imposed penalties, amounted to a new judgment that reset the statute of limitations clock under AEDPA. The court reasoned that "because '[t]he sentence is the judgment,' *Burton v. Stewart*, 549 U.S. 147, 156, 127

_____

federal habeas petition from Magwood that challenged his new capital sentence but not his underlying conviction. The United States Supreme Court held that Magwood could file this second petition without clearing the "second or successive" bar set forth in § 2244(b). *Id*. at 331. In *King*, the Sixth Circuit extended *Magwood* to challenges to a petitioner's underlying conviction, holding that "a habeas petitioner, after a full resentencing and the new judgment that goes with it, may [also] challenge his undisturbed conviction without triggering the 'second or successive' requirements." *King,* 807 F.3d at 156. As discussed above, *Stansell* took *Magwood* and *King* one step further, finding that a *partial* resentencing created an intervening judgment that permitted Stansell to raise challenges to both his conviction, term of incarceration, and newly imposed term of post-release control. *Stansell*, 828 F.3d at 416.

12

S.Ct. 793, 166 L.Ed.2d 628 (2007) (quotation omitted), a new sentence not only permits a challenge to either the new sentence or the undisturbed conviction, but also restarts AEDPA's one-year window to challenge that judgment." *Crangle*, 838 F.3d at 678. The Sixth Circuit noted, however, the distinction between a limited resentencing that benefits a defendant (such as a sentence reduction) and a "new, worse-than-before-sentence." *Id*. Only the latter, the court suggested, "amounts to a new judgment" for statute of limitations purposes.[5] *Id*.

Here, in finding Wooden did not need authorization to file the instant Petition, the Sixth Circuit concluded Wooden's 2010 resentencing constituted a "new judgment" under *Stansell*; i.e, that it "substantially and substantively changed his original sentence" by notifying Wooden that he was subject to a mandatory five-year term of post-release control. *Stansell*, 828 F.3d at 418. Under these circumstances, it stands to reason that this "new judgment" would likewise restart the statute of limitations under § 2244(d) pursuant to *Crangle*. Indeed, on its own review, the Court finds that Wooden's 2010 resentencing did, in fact, impose a "new, worse-than-before sentence" as compared to his original sentence. As noted *supra,* in the original sentencing entry from May 2002, the trial court was equivocal regarding the issue of post-release control, providing as follows: "After release from prison, Defendant is ordered subject to post-release control **to the extent** the parole board **may** determine as provided by law." (Doc. No. 11-1, Exh. 10) (emphasis added). During the September 2010 resentencing, however, the trial court made plain that Wooden was subject to mandatory post-

---

[5] In Crangle's case, the Sixth Circuit determined the "*nunc pro tunc*" sentencing order constituted a "new, worse-than-before-sentence" because it imposed post-release control supervision as opposed to the originally imposed "straight parole." The Court then explained that, for several reasons, post-release control supervision "materially increases the potential restrictions on Crangle's liberty," more so than the imposition of "straight parole." *Id.* at 679–680. The Sixth Circuit also rejected the State's argument that Crangle's new sentencing order was not a "new judgment" because it was labeled a "*nunc pro tunc*" order.

release control for a period of five years. *See* Doc. No. 11-1, Exh. 32 (providing that "as part of the sentence in this case, the Defendant **shall** be supervised on post-release control by the Adult Parole Authority for a **mandatory** period of **5 years** on Counts 1, 3, 5, 6, and 7 after being released from prison.") (emphasis in original). At this time, the trial court also advised Wooden of the consequences for any violation of the terms and conditions of his post-release control, including the imposition of "residential sanction that may include a  prison term of up to nine months, and the maximum cumulative prison term for all violations shall not exceed one-half of the stated prison term." (*Id.*)

In light of the above, the Court finds that the 2010 sentencing entry constitutes a "new, worse-than-before sentence" because it imposed a definite, mandatory term of five years of post-release control, as opposed to the previous sentencing entry's imposition of a possible term of post-release control of an undefined duration contingent on the determination of the parole board. Therefore, under *Crangle*, the 2010 sentencing entry is a "new judgment" that restarts the statute of limitations period.[6]

Even with this later start date, however, Wooden's Petition is nonetheless untimely for the following reasons. Under 28 U.S.C. § 2244(d)(1)(A), the AEDPA's one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Here, Wooden was re-

---

[6] In his Motion to Dismiss, Respondent argues *Crangle* does not apply because the Sixth Circuit's previous decision in *Bachman v. Bagley*, 487 F.3d 979 (6th Cir. 2007) is controlling precedent on this issue. In *Bachman*, the Sixth Circuit held that a sexual predator designation that was imposed after the original judgment restarted the one-year clock only for a challenge to the sexual predator designation and not to the original conviction. In *Crangle*, however, the Sixth Circuit expressly noted that *Bachman* was abrogated by *Magwood v. Peterson*, 561 U.S. 320 (2010). *See Crangle*, 838 F.3d at 678. The Court also rejects Respondent's argument that the Sixth Circuit had no authority to overrule *Bachman* in *Crangle*. (Doc. No. 11 at 19-20.) The Sixth Circuit has expressly rejected this argument, as have a number of district courts in this Circuit. *See Bachman v. Wilson*, 747 Fed. Appx. 298, 304 (6th Cir. Aug. 20, 2018). *See also Avery v. Warden*, 2019 WL 1409562 at * 7-8 (S.D. Ohio March 28, 2019) (collecting cases).

sentenced on September 15, 2010 and timely appealed on September 29, 2010. (Doc. No. 11-1, Exhs. 32, 34.) The state appellate court issued its decision on September 28, 2011. (Doc. No. 11-1, Exh. 37.) Wooden then had forty-five (45) days to appeal to the Supreme Court of Ohio but failed to do so.

Based on this sequence of events, the Court finds that Wooden's conviction and sentence became "final" for purposes of § 2244(d)(1)(A) on Monday, November 14, 2011, i.e., forty-five (45) days after the state appellate court issued its decision and the time to file a timely notice of appeal with the Supreme Court of Ohio expired. Accordingly, the limitations period commenced on November 15, 2011 and, absent tolling, expired one year later on November 15, 2012.

The AEDPA tolls the one-year limitations period during the time "'a properly filed application for State postconviction or other collateral review . . . is pending.' § 2244(d)(2)." *Evans v. Chavis*, 546 U.S. 189, 191 (2006); *Carey v. Saffold*, 536 U.S. 214 (2002); *accord Matthews v. Abramajtys*, 319 F.3d 780, 787 (6th Cir. 2003). "The time that an application for state post-conviction review is 'pending' includes the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, provided that the filing of the notice of appeal is timely under state law." *Id*.

Only "properly filed" applications for post-conviction relief or collateral review toll the statute of limitations, and "a state post-conviction petition rejected by the state court as untimely is not 'properly filed' within the meaning of § 2244(d)(2)." *Allen v. Siebert*, 552 U.S. 3 (2007); *Pace v. DiGuglielmo*, 544 U.S. 408 (2005) ("time limits, no matter their form, are 'filing' conditions, and a state postconviction petition is therefore not 'properly filed' if it was rejected by the state court as untimely"); *Monroe v. Jackson*, No. 2:08-cv-1168, 2009 WL 73905, at *2 (S.D. Ohio Jan. 8, 2009).

A timely filed state post-conviction matter, however, cannot serve to toll a statute of limitations which has already expired before the motion was filed. *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003). Section 2244(d)(2)'s tolling provision "does not ... 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Vroman,* 346 F.3d at 602 (citation omitted).

A review of the record shows Wooden made no filings between September 28, 2011 (the date the state appellate court opinion was issued) and November 15, 2012 (the date the AEDPA statute of limitations expired.) Wooden did file a *pro se* "Motion to Vacate Judgment of Sentence as Void" on November 4, 2015, as well as appeals relating to the state trial court's denial of that motion. (Doc. No. 11-1, Exhs. 38, 41, 46.) However, as noted above, state collateral review proceedings can no longer serve to avoid the statute of limitations bar once the limitations period is expired. *See Vroman*, 346 F.3d at 602. Because Wooden's *pro se* post-conviction motion and appeals were filed well after the statutory limitations period expired (and did not result in a resentencing proceeding), they did not have any further tolling effect.

As the statutory limitations period expired on November 15, 2012 and Wooden did not file his habeas petition until April 18, 2018, the Court finds the Petition is over five (5) years late and is untimely under § 2244(d)(1)(A). Therefore, Respondent's Motion to Dismiss (Doc. No. 11) is granted and Wooden's Petition is dismissed as time-barred.[7]

---

[7] Wooden does not argue that the limitations period should commence at a later date for any of the reasons set forth in §§ 2244(d)(1)(B)-(D). Nor does he argue he is entitled to equitable tolling, or that he is actually innocent.

## IV.    Conclusion

For the foregoing reasons, the Court finds Petitioner's Objections to be well-taken in part. The Court, therefore, declines to accept the reasoning set forth in the R&R.  However, for the reasons set forth above, the Court concludes the Petition is, in fact, time-barred.  Respondent's Motion to Dismiss (Doc. No. 11) is, therefore, GRANTED and the Petition is DISMISSED.  Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED.**


*s/Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE

Date:  August 20, 2019